## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **JOSHUA J. GODHART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:10-cv-02744 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| **DIRECT ALLIANCE CORPORATION,** | ) | **[Re: Motion at Docket 3]** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## I.  MATTER PRESENTED

At docket 3, plaintiff Joshua J. Godhart ("plaintiff" or "Mr. Godhart") has filed an application to proceed in *forma pauperis*.

## II.  BACKGROUND

This lawsuit arises out of the termination of Mr. Godhart's employment. Mr. Godhart was a salesperson at Direct Alliance Corporation ("Direct Alliance"). Mr. Godhart maintains that his sales techniques were questioned by his superiors even though those techniques had been approved by the company's sales director.  A private meeting was called during which Mr. Godhart alleges that the sales director told him he

was getting "totally black on us," was "stealing," and had been "unethical."[1]  Mr. Godhart maintains that other salespersons used the "same techniques with no administrative meeting."[2]  After the meeting, Mr. Godhart claims he was subjected to a hostile work environment–"one of harassment, racial discrimination, micro-management, and false accusation."[3]  Mr. Godhart's superiors ultimately deducted $20,000 of his "booked revenue," which was the basis for Mr. Godhart's commissions.  After receiving no assistance from Direct Alliance's Human Capital Department, Mr. Godhart "filed a discrimination, harassment, and hostile workplace complaint" through the company's internal mechanism.[4]  Mr. Godhart was sent home with pay.  The following day, he was called into another meeting.  Mr. Godhart maintains that he was confronted with an email that allegedly violated company policy.  Mr. Godhart did not deny sending the email.  His employment was then terminated, ostensibly because of the four-month-old email.

Mr. Godhart filed a complaint in federal court on December 21, 2010.  He asserts three claims under Title VII–disparate treatment (42 U.S.C. § 2000e-2(a)(1)), wrongful expulsion from a labor organization (42 U.S.C. § 2000e-2(c)(1)), and retaliation (42 U.S.C. § 2000e-3(a)).

---

[1]Doc. 1 ¶ 2.

[2]*Id.* ¶ 3.

[3]*Id.* ¶ 4.

[4]*Id.* ¶ 11.

## III.  STANDARD OF REVIEW

### A. In *Forma Pauperis*

Section 1915 of Title 28 permits a district court to allow a party "who submits an affidavit that . . . the person is unable to pay" to proceed "without prepayment of fees or security therefor."[5]  However, where the court grants an application to proceed in *forma pauperis*, it must also "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[6]  Although § 1915 applies generally to actions brought by prisoners, "§ 1915(e) applies to all in forma pauperis complaints."[7]

### B. Failure to State a Claim

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[8]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[10]  To avoid

---

[5]28 U.S.C. § 1915(a)(1).

[6]28 U.S.C. § 1915(e)(2)(B)(ii).

[7]*Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

[8]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[9]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[10]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[13]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[15]

## IV.  DISCUSSION

**A. Mr. Godhart's Application to Proceed In _Forma Pauperis_ is Adequate**

The court has reviewed Mr. Godhart's application and determined that he is eligible to proceed in district court without prepaying fees or costs.  Mr. Godhart represents having $53.00 cash and seven dependents on minimal income.  Because the court will approve Mr. Godhart's application, his complaint must be screened.

---

[11] _Ashcroft v. Iqbal_, 129 S.Ct. 1937, 1949 (2009).

[12] _Id._

[13] _Id._ (citing _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 556 (2007)).

[14] _Id._ (quoting _Twombly_, 550 U.S. at 557).

[15] _Moss v. U.S. Secret Serv._, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Mr. Godhart's Complaint Does Not Allege Exhaustion of Administrative
Remedies**

Title VII established the Equal Employment Opportunity Commission ("EEOC").[16]
"A person seeking relief under Title VII must first file a charge with the EEOC within 180
days of the alleged unlawful employment practice, or, if . . . the person initially instituted
proceedings with the state or local administrative agency, within 300 days of the alleged
unlawful employment practice."[17]  If the EEOC declines to bring suit, the EEOC "shall
. . . notify the person aggrieved and within ninety days after the giving of such notice a
civil action may be brought against the respondent named in the charge."[18]  "[N]otice is
accomplished through a right-to-sue letter."[19]

The Supreme Court has held that "filing a timely charge of discrimination with the
EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that,
like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[20]
Nevertheless, "substantial compliance with the exhaustion requirement *is* a jurisdictional

---

[16]42 U.S.C. § 2000e-4(a).

[17]*Surrell v. Cal. Water Svc. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C.
§ 2000e-5(e)(1)).

[18]42 U.S.C. § 2000e-5(f).

[19]*Surrell*, 518 F.3d at 1104.

[20]*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

pre-requisite"[21] insofar as "the jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation."[22]

Mr. Godhart's complaint does not indicate whether he filed a charge with the EEOC.  Even though waiver, estoppel, or equitable tolling may ultimately apply, without factual content suggesting that Mr. Godhart has exhausted his administrative remedies, his complaint is not plausibly suggestive of a claim entitling him to relief.

**C. Leave to Amend**

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[23]  Although nothing in the complaint suggests that Mr. Godhart has exhausted his administrative remedies, he is proceeding *pro se*, and a "court should freely give leave [to amend] when justice so requires."[24]

## V.  CONCLUSION

For the foregoing reasons, plaintiff's application to proceed in *forma pauperis* is **APPROVED**.  Plaintiff's complaint is **DISMISSED** without prejudice to an amended complaint.  If Mr. Godhart has already filed a charge with the EEOC, an amended

---

[21]*Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (emphasis added).

[22]*Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).

[23]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).

[24]Fed. R. Civ. P. 15(a)(2).

complaint must be filed within 30 days of this order.  If Mr. Godhart has not exhausted his administrative remedies, he is advised to do so.

DATED this 24th day of February 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE