UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOSHUA J. GODHART, | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-02744 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| DIRECT ALLIANCE CORPORATION, | ) | [Re: Motions at Dockets 61 and 63] |
| | ) | |
| | ) | |
| Defendant. | ) | |

## I.  PARTIES

The plaintiff, Joshua J. Godhart ("Mr. Godhart"), is an individual who was formerly employed by Direct Alliance Corporation ("Direct Alliance").  Ravanna, Inc. is the successor to Direct Alliance.  For the sake of simplicity and consistency in the record, the court will continue to refer to the defendant as Direct Alliance.

## II.  MOTIONS PRESENTED

In the order at docket 22, the court granted the motion filed by Direct Alliance to stay these proceedings and compel arbitration.  The arbitration has been

concluded and an award made by arbitrator Charles W. Herf ("Award").[1] Direct Alliance moves at docket 61 for an order lifting the stay and confirming the Award. Mr. Godhart opposes the motion at docket 62 and in an identical filing moves at docket 63 to vacate the arbitration Award. Direct Alliance's combined reply in support of its motion and in opposition to Mr. Godhart's motion is at docket 65. No reply supporting the motion at docket 63 was filed. Oral argument was not requested and would not assist the court.

### III.  BACKGROUND

The parties are familiar with the allegations which gave rise to Mr. Godhart's complaint. Readers unfamiliar with those allegations are directed to the court's order at docket 22.

As explained in that earlier order, the Federal Arbitration Act ("FAA") allows a party, in this case Direct Alliance, "aggrieved by the alleged . . . refusal of another [in this case Mr. Godhart] to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."[2] The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[3] "The court's role under the Act is therefore limited to

---

[1]A copy of the nineteen page Award appears in the record as Exhibit 6 in doc. 61-1.

[2]9 U.S.C. § 4.

[3]*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[4]

The arbitration agreement in this case covered "any disputes arising during [Mr. Godhart's] employment with Direct Alliance or after termination of [Mr. Godhart's] employment by Direct Alliance."[5]  In the section titled "Scope of Arbitration" the agreement includes "disputes regarding [Mr. Godhart's] employment with Direct Alliance and termination thereof, employment discrimination, harassment and retaliation, [and] wrongful discharge."[6]  In opposing Direct Alliance's request for an order compelling arbitration, Mr. Godhart contended that the arbitration agreement was procured by fraud and was not enforceable.  He advanced two main arguments.  First, he contended that his signature on the agreement was forged.  Second, he argued that the agreement was procedurally and substantively unconscionable.  In the order at docket 22, the court evaluated and rejected both arguments.  Mr. Godhart also argued that the agreement was unsupported by consideration, because Direct Alliance's promise was illusory.  This argument failed as the court explained in the earlier order because both parties promised to arbitrate their claims and forbear exercising their right to sue.  Thus, there was consideration given by both parties.  Moreover, as the court also explained in the earlier order, Direct Alliance's reservation of the right to change its policies and procedures did not apply to its obligation to arbitrate established by the agreement.

---

[4]*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (2000).

[5]Doc. 11-1 at 33.

[6]*Id.* at 34.

## IV.  DISCUSSION

The arbitrator ruled in favor of Direct Alliance on all of the claims presented by Mr. Godhart.  Direct Alliance's motion asks this court to lift the stay it earlier imposed for the purpose of confirming the Award pursuant to section 9 of the FAA, 9 U.S.C. § 9, and the parties' arbitration agreement.  In support of its request, Direct Alliance has submitted all of the materials required by 9 U.S.C. § 13 for the court's consideration.   In response Mr. Godhart does not point to any shortcoming in what has been submitted to support confirmation of the Award.  Instead, he contends that Direct Alliance "procured the Arbitration Award in question by corruption, fraud, and/or undue means."[7]  Mr. Godhart also contends that the arbitrator was partial to Direct Alliance.[8]

Mr. Godhart is correct to say that under some circumstances, a district court which has referred a dispute to arbitration may vacate the arbitrator's award.  Section 10 of the FAA, 9 U.S.C. § 10, sets out the grounds which may support vacation of an award.  As pertinent to Mr. Godhart's assertions, the grounds consist of circumstances "where the award was procured by corruption, fraud or undue means" or "where there was evident partiality or corruption."[9]

With respect to the proposition that the award was procured by corruption, fraud or undue means, Mr. Godhart simply essentially relies on the same arguments he made

---

[7] Doc. 62 at p. 1.

[8] *Id*. at p. 2.

[9] 9 U.S.C. § 10(a) (1) and (2).

unsuccessfully in opposing Direct Alliance's motion to compel arbitration. Those arguments are foreclosed by the court's previous decision finding they lacked merit.

Mr. Godhart also seeks relief on the alternative ground that the Arbitrator was evidently partial to Direct Alliance. The burden falls on Mr. Godahart to establish the partiality or corruption of the Arbitrator.[10]

To carry his burden, Mr. Godhart asserts that there is "unmistakable evidence of partiality pursuant to [9] U.S.C. section 10 by [the arbitrator's omission of ] evidence from the facts to arrive at an Arbitration Award in favor of the Defendant in these matters."[11] It appears to be correct to say that the arbitrator did not recite all of what Mr. Godhart believes to be facts favoring his position. However, that an arbitrator may not accept all of the "facts" asserted by one party or the other does not establish bias, merely a different assessment of the record than the assessment of an interested party. It is relevant to note the following introductory comments by the arbitrator:

> While hundreds of Exhibits were introduced, only a few will be mentioned in this discussion. Many, while theoretically interesting, did not assist in focusing on the issue as described [below]. Much leeway, over objections of [Direct Alliance's] counsel was given to [Mr. Godhart] in offering evidence that would not have been allowed if he had not been representing himself.
>
> <u>The dispute in this case is not about Godhart's character as all who testified were positive about his sales efforts, work ethic and personality. It is an employment dispute to determine whether, based on the terms and conditions of his employment, his termination following an internal investigation involving the transmittal [of] confidential material and/or</u>

---

[10]*See, e.g., Scott v. Prudential Sec., Inc.,* 141 F.3d 1007, 1014 (11th Cir. 1998).

[11]Doc. 62 at p. 2.

>conflict of interest was for misconduct or if it was based on his race African American in violation of Title VII of the Civil Rights Act . . . .[12]

The court's examination of the arbitrator's discussion and evaluation of the evidence shows nothing to support the proposition that the arbitrator was partial. Indeed, the arbitrator's decision set out in the Award appears to be careful, thorough and fair. While the arbitrator had to chose which witnesses to believe with respect to important conflicting testimony, that only shows he did his job. The court finds nothing in the Award or the other materials in the record to support Mr. Godhart's characterization of the arbitrator as partial to Direct Alliance.

## V.  CONCLUSION

For the reasons set out above, the motion to lift the stay and to confirm the Award at docket 61 is GRANTED and the motions at dockets 62 and 63 are DENIED. The court adopts the Award by arbitrator Charles W. Herf as the basis for its judgment. The Clerk of Court is directed to enter judgment in favor of defendant Direct Alliance Corporation such that plaintiff Joshua J. Godhart takes nothing and his complaint is dismissed with prejudice.

DATED this 29th day of May 2013.

                                      /s/
                             JOHN W. SEDWICK
                      UNITED STATES DISTRICT JUDGE

---

[12] Award at p. 2.